## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **GAVIN WILCHER,** *beneficiary of YAWAWAH* | |
| Plaintiff, | |
| v. | **Case No.  GLS 25-1649** |
| **SANTANDER CONSUMER USA INC.,** Defendant. | |

## <u>MEMORANDUM OPINION</u>

*Pro Se* Plaintiff Gavin Wilcher, "Beneficiary of YAWAWAH (sic)" ("Plaintiff"), initiated the instant lawsuit by filing a "Complaint for Breach of Fiduciary Duty" against Santander Consumer USA, Inc. ("Defendant").  (ECF No. 1).  In the Complaint, Plaintiff asserts that he initiated this lawsuit "under 28 U.S.C. § 1332," and that it "arises under commercial and equitable law."  (*Id.*).[1]

Pending before the Court[2] is "Santander Consumer USA Inc.'s Motion to Dismiss Plaintiff's Complaint," and a memorandum in support thereto, filed by the Defendant under Fed. R. Civ. P. 12(b)(6), (collectively "the Motion"), (ECF Nos. 12, 12-1).  Plaintiff filed "Plaintiff's Opposition to Defendant's Motion to Dismiss," and a memorandum and declaration in support

---

[1] On May 27, 2025, Plaintiff filed a "Notice of Filing of Supporting Exhibits to Verified Complaint."  (ECF No. 4). These exhibits were filed without leave of court and appear to be the following: (A) Certificate of Trust; (B) UCC-1 Financing Statement; (C) Declaration of Truth and Status Under God; (D) Reproduced Copy of Notice of Fiduciary Duty; (E) Security Agreement (Trust as Secured Party); (F) Trust Tender of Application and Instrument; (G) First Notice to Cure and Opportunity to Perform; (H) Notice of Default in Equity; (I) USPS Certified Mail Receipts and Proof of Delivery; (J) Initial Denial of Credit Letter from Santander Consumer USA; (K) First Refusal to Perform Following Notice of Fiduciary Obligation; and (L) 2nd Correspondence Confirming Ongoing Dishonor or Failure to Cure.  (*Id.*).

[2] This matter has been referred to the undersigned for all further proceedings, pursuant to 28 U.S.C. § 636(c), and with the consent of the parties.  (ECF No. 13).

thereto, (collectively "the Opposition"), (ECF Nos. 16, 16-1, 16-2). Defendant elected not to file a Reply. (ECF No. 19). The issues have been fully briefed. The Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion is **GRANTED**.

## I.    FACTUAL BACKGROUND[3]

Plaintiff is the beneficiary of the YAHAWAH Only Living Trust, "a private trust estate administered under equity." (ECF No. 1, "Complaint," ¶ 3; ECF No. 4-6, pp. 2-4). Defendant is "a corporate entity operating as a financial services provider." (Complaint, ¶ 4).

On March 10, 2025, Plaintiff submitted a credit application "in good faith, supported by a perfected UCC-1 Financing Statement and Certificate of Trust." (Complaint, ¶ 5; ECF No. 4-3, p. 2). Defendant "received said application and supporting documentation, which placed them [sic] on lawful notice of Plaintiff's contractual capacity and the trust's interest in the transaction." (Complaint, ¶ 6). Despite Defendant's "full knowledge of the trust's standing and security interest," it "failed to process the application equitably or perform any of its fiduciary obligations" to Plaintiff. (*Id.* ¶ 7). Defendant "failed to respond to multiple lawful notices, including a Declaration of Contractual Capacity, Testimony of Status under God, Notice of Fiduciary Relationship, and a Demand for Specific Performance." (Complaint, ¶ 8; *see* ECF No. 4-7, pp. 1-8; ECF No. 4-8, pp. 1-6). Defendant "owed Plaintiff a fiduciary duty arising from the trust-backed financial interaction and the legal notices served." (Complaint, ¶ 9). Defendant "breached its duty by failing to process the trust tender, by withholding lawful performance, and by refusing

---

[3] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1, and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes the facts to be true. *Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

to acknowledge the trust's equitable standing." (Complaint, ¶ 10). Plaintiff thus "has suffered injury, loss of opportunity, and unlawful rejection of trust instruments." (*Id.* ¶ 11).

Plaintiff seeks specific performance by Defendant, namely, that it "process the application as a trust asset [sic]." Plaintiff also seeks what he terms declaratory, injunctive, and compensatory relief, namely, a declaration that Defendant breached its fiduciary duty under equity; an award of compensatory damages; injunctive relief; and any other relief that the Court deems just and proper. (Complaint, p. 3).

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion challenges the sufficiency of the facts set forth in a complaint. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021). When ruling on such a motion, a court "does not resolve the contests surrounding the facts [or] the merits of a claim." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Rather, at this stage, a court considers the complaint as a whole and construes the facts advanced as true, viewing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts to establish each element of each claim. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013), *aff'd sub nom., Goss v. Bank of Am., N.A.*, 546 F. App'x 165 (4th Cir. 2013). In addition, a complaint must satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a) and contain facts "showing" entitlement to relief. *Twombly*, 550 U.S. at 555-56 (complaint must set forth enough facts as to

suggest a "cognizable cause of action").  In other words, a complaint must do more than formulaically recite "the elements of a cause of action," or must do more than make "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 258 (4th Cir. 2009).  A court "must be able to draw the reasonable inference [from the well-pleaded facts] that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff is *pro se*, his pleadings are held to a less stringent standard than those filed by attorneys, and the court will liberally construe his claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under a liberal interpretation, the complaint must meet the standards for plausibility.  A complaint fails to plausibly allege entitlement to relief where, in contravention of Fed. R. Civ. P. 8(a), the complaint is confusing, rambling, vague, and ambiguous. *See Jianqing Wu v. TrustPoint Int'l*, Civ. No. PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (dismissal appropriate where allegations are "confusing, ambiguous, redundant, vague, and, in some respects, unintelligible" (quoting *Wallach v. City of Pagedale*, 359 F.2d 57, 58 (8th Cir. 1966) (per curiam))); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing because the "[complaint is] a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated").

### B.    Consideration of Documents Outside of Pleadings

In general, when a motion is filed pursuant to Fed. R. Civ. P. 12(b)(6), a court generally limits its review to the allegations in the complaint.  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (citing *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). A trial court enjoys "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Kelly v. Lease*, Civ. No. RDB-16-3294, 2017 WL 2377795, at *1 (D. Md. May 31, 2017) (quoting 5 C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 at 159 (3d ed. 2004, 2011 Supp.)).

There are two circumstances under which a court may consider additional documents outside of the pleading and not convert it to a summary judgment motion: (1) if the documents are explicitly incorporated into a complaint by reference, *Goines*, 822 F.3d at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); or (2) when a document was "not attached to or expressly incorporated [by reference] in a complaint," provided that the document "was integral to the complaint and there is no dispute about the document's authenticity." *Id.* Under these circumstances, a court does not run afoul of Fed. R. Civ. P. 12(d). *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

In this case, Plaintiff filed a "Notice of Filing of Supporting Exhibits to Verified Complaint," which contain 11 exhibits upon which the Complaint relies heavily on their terms and effect and whose authenticity is not disputed.  Thus, the Court may consider the documents without converting the Motion into a summary judgment motion.  *See Goines*, 822 F.3d at 166 (explaining that a document is integral to the complaint where the complaint relies heavily upon its terms and

effect); *see also Magness v. Harford County*, Civ. No. ELH-16-2970, 2018 WL 1505792, at *9 (D. Md. Mar. 27, 2018) ("Because these exhibits have been incorporated into the Amended Complaint, I may consider them without converting the Motion to one for summary judgment."); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that the court "may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic" (citation omitted)).

## III.    DISCUSSION

In the Motion, Defendant first avers that the Complaint should be dismissed because it fails to plausibly allege that a fiduciary relationship existed between Plaintiff and Defendant. Relatedly, then, Defendant contends that the Complaint fails to plausibly allege that Defendant breached a fiduciary duty. (Motion, ECF No. 12-1, p. 4).[4]

Although not entirely clear, Plaintiff seems to counter with the following five interrelated declarative sentences, which are not necessarily arguments. First, he maintains that he has adequately alleged a fiduciary relationship based in equity when he "tendered a secured trust-backed credit application," which placed Defendant in a position of fiduciary duty. (ECF No. 16-1, p. 3). Second, Defendant "entered into constructive dishonor" constituting a breach of fiduciary duty when it issued a generic letter of denial of his loan application but did not acknowledge the secured interest. (*Id.* at 3-4). Third, Plaintiff seemingly has pleaded "concrete injury and standing" by alleging "[l]oss of the vehicle acquisition due to breach of trust"; "[a]dministrative and equitable harm to the trust estate"; "[n]on-return of tendered property backed by a secured interest"; and "[c]osts of mitigation, time, and administrative protest." (*Id.* at 4). Fourth, Plaintiff says that the credit application was a trust-backed tender that established a constructive trust in

---

[4] The Court refers to the page numbers in the memorandum filed in support of the motion.

which Defendant assumed a fiduciary position.  (*Id.* at 4-5).  Fifth, Plaintiff characterizes the

Complaint as being based in "equity," where he believes the duty to act in good faith arises through

Plaintiff's use of a "trust-backed tender."  (*Id.* at 5).

### A. Fiduciary Duty in Maryland

In Maryland, in order to establish a breach of fiduciary duty, a plaintiff must adequately

plead the following elements: (1) the existence of a fiduciary relationship; (2) breach of the duty

owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary.  *Plank v. Cherneski*, 231

A.3d 436, 442 (Md. 2020).

In Maryland, a fiduciary relationship between a lender and a customer can be found to exist

only under certain circumstances.  As a general matter, the "relationship of a bank to its customer

in a loan transaction is ordinarily a contractual relationship between a debtor and a creditor, and is

not fiduciary in nature."  *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992);

*see Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 778–79 (4th Cir. 2013) (noting that

"[b]anks typically do not have a fiduciary duty to their customers"); *Ramirez v. Wells Fargo Bank,

N.A.*, No. PWG-14-3819, 2015 WL 5052787, at *2 (D. Md. Aug. 25, 2015) ("It is well established

under Maryland negligence law that, under most circumstances, a lender does not owe a duty to a

borrower.").  Thus, the "special circumstances" under which a fiduciary relationship may exist

between a lender and a borrower are where the lender: "(1) took on any extra services on behalf of

the borrowers other than furnishing money; (2) received a greater economic benefit from the

transaction other than the normal mortgage; (3) exercised extensive control; or (4) was asked by

the borrowers if there were any lien actions pending."  *Polek v. J.P. Morgan Chase Bank, N.A.*, 36

A.3d 399, 418 (Md. 2012) (quoting *Parker*, 604 A.2d at 533) (citation modified).

In the instant case, even when construing the facts in the light most favorable to Plaintiff, the Complaint does not plead facts that would trigger any of these special circumstances.  Thus, the Court find that Plaintiff has not pleaded the existence of a fiduciary relationship.  Accordingly, the Court need not address the other *Plank* factors, namely whether there was a breach of a duty owed by the fiduciary to the beneficiary, nor does the Court need to address whether Plaintiff sustained harm.

In sum, the Motion will be granted and the Complaint dismissed.

**B.  Dismissal of Complaint: With or Without Prejudice**

Defendant seeks dismissal of the Complaint with prejudice.  According to the Defendant, even if the Court were to grant Plaintiff leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), such amendment would be futile because "every allegation in the Complaint is based on [Defendant's] denying Plaintiff's credit application" and "[t]here are no additional or remedial facts under which Plaintiff could state a plausible claim that [Defendant] owed Plaintiff a fiduciary duty."  (Motion, p. 6).  In the Opposition, Plaintiff fails to respond to this argument. (Opposition, ECF No. 16, pp. 1-2; ECF No. 16-1, pp. 1-7; ECF No. 16-2, pp. 1-3).

Fed. R. Civ. P. 15(a) governs amendment of pleadings.  Pursuant to Rule 15(a)(1), a plaintiff has the right to amend his complaint once as a matter of law, provided that he does so within 21 days after serving it on the opposing party or within 21 days after the opposing party's service of a motion under Fed. R. Civ. P. 12(b).  Fed. R. Civ. P. 15(a)(1).  Here, the summons and Complaint were served on June 23, 2025, so 21 days thereafter was July 14, 2025.  In addition, Defendant served its Motion on July 16, 2025, so 21 days thereafter was August 6, 2025.  Because that time has passed, the only other mechanism for Plaintiff to be able to amend the Complaint is with Defendant's written consent or with leave of court.  *See* Fed. R. Civ. 15(a)(2) (a party "may

amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires").

Here, there is no evidence before the Court that Defendant consents to Plaintiff's amending of the Complaint. Alternatively, then, Plaintiff could amend the Complaint with the Court's leave. A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied only when it would be prejudicial, there has been bad faith, or amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

Whether to dismiss a case with or without prejudice lies within the discretion of the Court. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018). When amendment of the complaint would be futile in light of fundamental deficiencies in the plaintiff's theory of liability, dismissal of the complaint with prejudice is appropriate. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

Because there are no additional facts under which Plaintiff could plausibly claim that Defendant owed him a fiduciary duty, amendment of the Complaint would be futile. *See Shah v. GenVec, Inc.*, Civil Action No. DKC 12-0341, 2013 WL 5348133, at *15 (D. Md. Sept. 20, 2013) (facts alleged in first amended complaint did not support Plaintiff's cause of action, so further amendment was futile).

In light of the fundamental deficiencies in Plaintiff's theory of liability that amendment cannot cure, the Court dismisses Plaintiff's Complaint with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Motion, (ECF No. 12), is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

A separate Order follows.

December 29, 2025

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge
